1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  GABRIEL MARTINEZ,                        Case No. 1:22-cv-00427-JLT-EPG

            Plaintiff,                       SCREENING ORDER
12
                                             ORDER FOR PLAINTIFF TO:
13      v.
                                             (1) FILE A FIRST AMENDED COMPLAINT;
14  JOCELYNN DEANNA MAHONEY,                 OR

15          Defendant.                       (2) NOTIFY THE COURT THAT HE WISHES
                                             TO STAND ON HIS COMPLAINT
16
                                             (ECF NO. 1)
17
                                             THIRTY (30) DAY DEADLINE
18

19

20
        Plaintiff Gabriel Martinez is proceeding *pro se* and *in forma pauperis* in this civil action.
21
    (*See* ECF No. 1, 4). The complaint is now before the Court for screening.
22
        The Court has reviewed Plaintiff's complaint and finds that Plaintiff fails to state any
23
    cognizable claims. Plaintiff now has the following options as to how to move forward. Plaintiff
24
    may file an amended complaint if he believes that additional facts would state a cognizable claim
25
    or claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint
26
    in due course. Or Plaintiff may file a statement with the Court that he wants to stand on his
27
    complaint and have it reviewed by the District Judge, in which case the Court will issue findings
28
    and recommendations to the District Judge consistent with this order.

                                             1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is a single page and names Joselynn Deanna Mahoney as the only Defendant. Substantively, it states as follows:

> i, require: a 'court of record'; 'trial by jury':
> claim: trespass [force and arms]
>
> i, claim;
> • said wrongdoer trespass upon my property;
> • the casual agent of the trespass, comes by the way of force and arms;
> • the trespass did and does harm and injure my property;
> • the commencement of the wrong and harm began on September 24th 2021;
> • the wrong and harm continues to this day, of April 12th 2022;
> • i require compensation for the initial and continual trespass upon my property;
> • compensation due; four-hundred and fifty thousand dollars;

1   (ECF No, 1, p. 1). Plaintiff has also filed a civil cover sheet, selecting "Diversity" as the

2   basis for this Court's jurisdiction. (ECF No. 2, p. 1). For nature of the suit, Plaintiff selects

3   "Other Personal Injury." (*Id.*).

4   **III.   ANALYSIS**

5        **A.   Subject Matter Jurisdiction**

6        The Court is unable to conclude that it has subject matter jurisdiction over this matter.

7   Federal courts can adjudicate only those cases which the United States Constitution and Congress

8   authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

9   (1994).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district

10  courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28

11  U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005); s*ee* 28

12  U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under

13  the Constitution, laws or treaties of the United States"); 28 U.S.C. § 1332(a)(1) (providing that

14  district courts have original jurisdiction of civil actions between citizens of different States where

15  the amount in controversy exceeds the sum or value of $75,000).

16       Here, Plaintiff alleges only a state law claim for trespass and identifies the basis for

17  jurisdiction as diversity of citizenship. While Plaintiff seeks $450,000 in damages, Plaintiff's

18  complaint fails to offer, as it must, any facts as to his or Defendant's citizenship. *See Tosco Corp.*

19  *v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds*

20  *by Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010) ("A plaintiff suing in a federal court must

21  show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal

22  jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on

23  discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

24  (internal citation omitted). Thus, the Court cannot conclude whether this action is between

25  citizens of different States as is required to establish diversity jurisdiction.

26       Additionally, as Plaintiff is asserting a state law claim and because the Court does not

27  have diversity jurisdiction, the Court does not have supplemental jurisdiction either. 28 U.S.C.

28  § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by

1  Federal statute, in any civil action of which the district courts have original jurisdiction, the

2  district courts shall have supplemental jurisdiction over all other claims that are so related to

3  claims in the action within such original jurisdiction that they form part of the same case or

4  controversy under Article III of the United States Constitution."). Should Plaintiff decide to file

5  an amended complaint, he must allege facts establishing the Court's jurisdiction over this case.

6  **B.     Federal Rule of Civil Procedure 8**

7  As noted above, a complaint must contain "a short and plain statement of the claim

8  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It must also contain "sufficient

9  allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

10  effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). There are multiple ways to

11  violate this Rule, but the most pertinent type of violation here is that the complaint "say *too*

12  *little*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original).

13  Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a) because the

14  complaint does not contain a short and plain statement of his claim showing that he is entitled to

15  relief. While the complaint vaguely alleges a trespass with some accompanying dates, it does not

16  plainly state what happened, how Defendant was involved, and how Plaintiff was harmed. Rather,

17  Plaintiff simply states, in a conclusory fashion, that Defendant committed a trespass. If Plaintiff

18  files an amended complaint, he must provide sufficient facts to understand what happened and

19  how that states a legal claim.

20  **C.     Legal Standards**

21  In the event Plaintiff chooses to amend his complaint, the Court provides the following

22  legal standards, which may be relevant to his action:

23  Trespass is an unlawful interference with possession of property. The elements of
    trespass are: (1) the plaintiff's ownership or control of the property; (2) the

24  defendant's intentional, reckless, or negligent entry onto the property; (3) lack of
    permission for the entry or acts in excess of permission; (4) harm; and (5) the

25  defendant's conduct was a substantial factor in causing the harm.

26  *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 261-62 (Cal. Ct. App.

27  2017), *as modified* (Nov. 6, 2017) (internal quotation marks and citations omitted).

28  To the extent that Plaintiff claims an interference with personal property, the following

4

1   standards regarding trespass to chattels may be relevant:

2   "Dubbed by Prosser the 'little brother of conversion,' the tort of trespass to
3   chattels allows recovery for interferences with possession of personal property 'not
    sufficiently important to be classed as conversion, and so to compel the defendant
4   to pay the full value of the thing with which he has interfered.' (Prosser & Keeton,
    Torts (5th ed.1984) § 14, pp. 85–86.)

5   "Though not amounting to conversion, the defendant's interference must, to be
    actionable, have caused some injury to the chattel or to the plaintiff's rights in it.
6   Under California law, trespass to chattels 'lies where an intentional interference
    with the possession of personal property *has proximately* caused injury.' (*Thrifty–*
7   *Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1566[, 54 Cal.Rptr.2d 468],
    italics added.) In cases of interference with possession of personal property not
8   amounting to conversion, 'the owner has a cause of action for trespass or case, *and*
9   *may recover only the actual damages suffered by reason of the impairment of the*
    *property or the loss of its use.*' (*Zaslow v. Kroenert* [ (1946) ] 29 Cal.2d [541,]
10  551[, 176 P.2d 1], italics added; accord, *Jordan v. Talbot* (1961) 55 Cal.2d 597,
    610[, 12 Cal.Rptr. 488, 361 P.2d 20].) In modern American law generally,
11  '[t]respass remains as an occasional remedy for minor interferences, resulting in
12  some damage, but not sufficiently serious or sufficiently important to amount to
    the greater tort' of conversion." (Prosser & Keeton, Torts, *supra*, § 15, p. 90,
13  italics added.)

14  *Jamgotchian v. Slender*, 170 Cal. App. 4th 1384, 1400-01 (Cal. Ct. App. 2009)

15  **IV.     CONCLUSION AND ORDER**

16  The Court finds that Plaintiff's complaint fails to state any cognizable claims.

17  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give
18  leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with
19  time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203
20  F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within
21  thirty days.

22  If Plaintiff chooses to file an amended complaint, the amended complaint must allege
23  violations under the law as discussed above. Plaintiff should note that although he has been given
24  the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding
    unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).
25  Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*
26  *Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in
27  itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an
28

5

amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

under penalty of perjury.

        Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court

will issue findings and recommendations to the District Judge recommending dismissal of the

action consistent with this order.

        Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk of Court is directed to send Plaintiff a complaint for a civil case form (Form - *Pro Se* 1);

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.  File a First Amended Complaint; or

    b.  Notify the Court in writing that he wants to stand on his complaint.

3.     Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:22-cv-00427-JLT-EPG; and

4.     Failure to comply with this order may result in the dismissal of this action

IT IS SO ORDERED.

Dated:   **April 19, 2022**            /s/ Erica P. Grosjean

                                     UNITED STATES MAGISTRATE JUDGE