UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>JOCELYNN DEANNA MAHONEY,<br><br>   Defendant. | No. 1:22-cv-00427-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER<br><br>(ECF No. 8) |

Plaintiff Gabriel Martinez is proceeding *pro se* and *in forma pauperis* in this civil action. (*See* ECF No. 1, 4). Plaintiff filed this case on April 13, 2022. (ECF No. 1) This Court screened the complaint on April 20, 2022, concluding that Plaintiff failed to allege a basis for subject-matter jurisdiction or state any cognizable claim. (ECF No. 8). However, despite ordering Plaintiff to amend his complaint or file a notice to stand on his complaint, Plaintiff has not filed anything. Because Plaintiff has failed to prosecute this case and comply with the Court's order, the Court recommends dismissal of this case without prejudice.

**I.  BACKGROUND**

Plaintiff's complaint is a single page and names Joselynn Deanna Mahoney as the only Defendant. Substantively, it states as follows:
   i, require: a 'court of record'; 'trial by jury':
      claim: trespass [force and arms]
   i, claim;

1

• said wrongdoer trespass upon my property;
• the casual agent of the trespass, comes by the way of force and arms;
• the trespass did and does harm and injure my property;
• the commencement of the wrong and harm began on September 24th 2021;
• the wrong and harm continues to this day, of April 12th 2022;
• i require compensation for the initial and continual trespass upon my property;
• compensation due; four-hundred and fifty thousand dollars;

(ECF No, 1, p. 1). Plaintiff has also filed a civil cover sheet, selecting "Diversity" as the basis for this Court's jurisdiction. (ECF No. 2, p. 1). For nature of the suit, Plaintiff selects "Other Personal Injury." (*Id.*).

Concluding that Plaintiff failed to allege a basis for subject-matter jurisdiction or state any cognizable concerning his conclusory allegations about Defendant having committed a trespass, the Court provided Plaintiff thirty days from service of the Court's April 20, 2022 screening order to file an amended complaint or file a notice that he wanted to stand on his complaint. (ECF No. 8). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 6).

To date, Plaintiff has not responded to this order and the time to do so has passed. Moreover, Plaintiff has filed nothing in this case except his complaint and application to proceed *in forma pauperis*. (ECF Nos. 1, 3).

## II.  ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the screening order (*see* ECF No. 8) and otherwise prosecute this action is delaying the case. Such failure to respond, or even request an extension of time to do so, indicates that Plaintiff has no intention of pursuing this case. Also notable is that Plaintiff has not filed anything in this case besides his complaint and application to proceed *in forma pauperis*. (ECF Nos. 1, 3). Allowing this case to proceed further, with minimal activity so far by Plaintiff, and no indication that Plaintiff wishes to prosecute this action further, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III.  CONCLUSION AND RECOMMENDATIONS

After weighing the factors regarding dismissal, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's order; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 1, 2022**                        /s/ *Erica P. Grosjean*
                                                         UNITED STATES MAGISTRATE JUDGE